UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:19-cv-00526-JLS-DFM                                Date:  April 22, 2019
Title:  Joseph Christy v. Wells Fargo Bank, N.A. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero/Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
        Not Present                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER SUA SPONTE REMANDING ACTION**

      Plaintiff Joseph Christy filed this action against Wells Fargo Bank, N.A. and Quality Loan Service Corporation in Orange County Superior Court on February 19, 2019.  (Compl., Doc. 1-1.)  On March 16, 2019, Wells Fargo removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Notice of Removal, Doc. 1.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so sua sponte.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to Orange County Superior Court.

      When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00526-JLS-DFM                                           Date:  April 22, 2019
Title:  Joseph Christy v. Wells Fargo Bank, N.A. et al
_____

Here, Wells Fargo admits that Quality Loan is a citizen of California and thus, if considered as a defendant, would defeat complete diversity.  (*See* Notice of Removal at 4, 8.)  First, Wells Fargo claims that Quality Loan is a nominal party because it has no financial interest in the proceedings.  (*Id.* at 4.)  Indeed, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).   However, Wells Fargo fails to meet its burden to show that Quality Loan is merely a nominal party.  Wells Fargo cites to *Cabriales v. Aurora Loan Servs.*, 2010 WL 761081 (C.D. Cal. Mar. 7, 2010), wherein the Court concluded that Quality Loan was a nominal party because it had filed a Declaration of Non-Monetary Status pursuant to California Code of Civil Procedure § 2924*l*.  *Id.* at *2.  Here, Wells Fargo does not claim that Quality Loan submitted such a Declaration.  Moreover, even if it did, California Code of Civil Procedure § 2924*l* is a state procedural rule, *see Carrillo v. ETS Services, LLC*, 2011 WL 12873783, at *2 (C.D. Cal. Jan 28, 2011), and it is "black letter law that federal courts sitting in diversity apply federal rather than state procedural rules."  *Id.* at *3; *see Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  Thus, Wells Fargo has failed to meet its burden to show that Quality Loan can be disregarded as a nominal party.

Second, Wells Fargo claims that Quality Loan has been fraudulently joined.  (Notice of Removal at 7.)  "The basis of a finding of fraudulent joinder must always be obvious."  *Flores v. ABM Industry Groups, LLC*, Case No. 8:18-cv-01483-JLS-KES, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018).  "Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "[F]raudulently joined defendants will not defeat removal on diversity grounds."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."  *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00526-JLS-DFM                              Date:  April 22, 2019
Title:  Joseph Christy v. Wells Fargo Bank, N.A. et al
_____

(citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

Among other claims for relief, Plaintiff asserts negligence against Quality Loan (Compl. ¶¶ 58–60) and Wells Fargo claims that Quality Loan's "actions related to the foreclosure filings and conducting of a trustee's sale are privileged, preventing a claim for damages against the trustee." (Notice of Removal at 7.) Wells Fargo relies on California Civil Code § 2924(d), which provides that Quality Loan cannot be held liable for actions taken in the foreclosure proceedings *absent a showing of malice*. *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (2008). First, consideration of whether Quality Loan has a defense on the merits is not proper for determining whether Quality Loan was fraudulently joined. *See Hershcu v. Wells Fargo Bank, N.A.*, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012) (citing *Hunter*, 582 F.3d at 1044–45 (courts do not ordinarily consider a nondiverse defendant's defense on the merits in determining whether joinder was "fraudulent"). Further, while Plaintiff may not have pleaded facts to support a finding of malice in his Complaint, "consideration of the weight and sufficiency of evidence is inappropriate to assess fraudulent joinder, which arises only from the *obvious* presence of a *complete* defense to recovery." *Flores*, 2018 WL 6428026, at *3 (emphasis in original).

Accordingly, the Court REMANDS this action to Orange County Superior Court, Case No. 30-2019-01051842-CU-OR-CJC.